Judge Logaj^
delivered the opinion of the court.
This was an action of ejectment, in which the principal question was, whether the land in contest was alsp comprehended within the elder patent of the defendants.
Upon the trial of the cause, exceptions were taken to the admission of testimony to prove the declarations of M’Neil, the lessor of the plaintiff', in relation to some of the boundaries of the defendants’ survey, and that the survey was in fact made on different ground from that embraced by the courses of their patent. '
This court is of opinion that the evidence was properly admitted. In few cases do the patent courses and distances correspond precisely with the true situation of the objects on the ground. Hence it is, that where the course or distance on the ground varies materially from that in the patent, parol evidence is admitted^ not merely for the purpose of shewing a corner corresponding in description wit h the one called for, but of proving, where it can be done as more satisfactory, the making of such corner.
In either case, it is for the jury to find from the description contained in the patent and the evidence adduced, whether the survey or boundaries and corners as designated, comprehend the land in question: And it. often becomes necessary to decide upon presumptive evidence, as well as upon the credibility and correctness of the testimony. A patent, like every other instrument of writing, must be taken entire and applied to the ground and objects described; from which the jury are to determine, whether the land claimed is the land which was surveyed or is covered by the patent. The mere circumstance of being able to shew corners answering the calls of a patent, though it may be prima facie or presumptive evidence of the idea- *366 tity of the place, is not conclusive of the fact and may bp repelled by other proof.
sitaofik smv. y’i (who is citad) be-session 0f°a pii’ff in ej’c’t he wilt >; otbe Pe™"the'de ciaTatioiiVof ihe surveyor,
Hardin for plaintiff, Bibb for defendant in error.
From these remarks, it follows of course, that parol ey-idcnee in relation to the boundaries of the land or to the pja(,e 0f eXecuting the survey, although not comprehended by the courses but answering other description contained in the patent, was correctly admitted -before the jury. As was accordingly decided in the case of Helm vs. Small, Harden 369.
Another exception rvas taken to the opinion of the court *n refusing to admit as evidence the declarations of the sur? veyor, who was then dead, as to the land upon which he iiSKj executed the survey.
R is not necessary to.determine whether such evidence would, in general, be admissible. Because it appears that the deposition of the surveyor had, by the plaintiff, been and filed in the cause, and afterwards withdrawn by him with the permission of the court/to which thedefend-ant excepted. So that, from the deposition thus in his possession, he was obviously withholding evidence of a higher and more satisfactory grade; and the court, therefore, properly refused proof of the declarations supposed.
It is not deemed material to notice the particular circumstances of this case. The proof, we think, furnished such ground for the verdict rendered, as to justify the court in refusing a new trial.
The judgment must be affirmed with cost.